[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14595
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00520-JRK

ROBERT COPHER,

Plaintiff–Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Copher appeals from the district court's order affirming the Social

Security Commissioner's decision denying his application for Social Security

disability benefits and supplemental security income. Copher's appeal raises one issue: Did the administrative law judge (ALJ) err by not giving controlling weight to the opinion of his treating physician? Because we conclude that the ALJ properly discounted the opinion of Copher's treating physician, we affirm.

I.

Copher applied for disability insurance benefits and supplemental security income in December 2003, alleging that he had suffered from neck pain, back pain, and persistent headaches since December 2002. In 2005, while his first application was still pending, Copher once again applied for benefits, and his second application was consolidated with his first. Only Copher's headaches are relevant to his appeal.

Copher was first treated by Dr. Manley Kilgore, a neurologist, in June 1999. Following an accident in July 2003, Copher returned to Dr. Kilgore, who ordered a brain MRI. The MRI was normal. Later that year, Copher returned and reported that his headaches were fairly well controlled when he took his medication. One month later, Copher returned and complained of severe headaches several times a week. Early in 2004, Copher saw Dr. Kilgore and reported that his headaches were still severe. In 2005, Copher was again treated by Dr. Kilgore and he again complained of headaches. After that last visit, Dr. Kilgore wrote a letter noting

2

that Copher was "totally incapacitated" by headaches 8 to 10 days a month. In that same letter, Dr. Kilgore wrote that he had diagnosed Copher as suffering from post-traumatic headaches.

## II.

We review the ALJ's factual findings with great deference and accept them as conclusive if they are supported by substantial evidence. *Ingram v. Comm'r*, 496 F.3d 1253, 160 (11th Cir. 2007). Substantial evidence is that which a reasonable person would take as sufficient to support a conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). It is more than a scintilla but need not be a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

In a disability proceeding, the medical opinion of a claimant's treating physician is generally given "controlling weight" in determining the severity of a claimant's impairments. 20 C.F.R. § 404.1527(d)(2). But that is only the case if the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence" in the record. *Id.* When the ALJ makes a finding that a treating physician's opinion should not be given controlling weight, he must articulate his reasons for doing so. *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004).

Here, the ALJ found that Dr. Kilgore's opinion was not entitled to controlling weight because it was inconsistent with other substantial evidence in the record, including Dr. Kilgore's own records. After reviewing Dr. Kilgore's 2004 and 2005 opinions about Copher's orthopedic conditions, the ALJ noted that Dr. Kilgore never attributed Copher's inability to work to his orthopedic injuries. (In any case, Dr. Raul Zelaya, an orthopedic surgeon doctor who examined Copher advised that he was unable to make physical findings that correlated to Copher's subjective complaints. Even Dr. Kilgore's own examination of Copher noted that Copher's motor strength, tone, reflexes, gait, and station were all normal.)

Instead, Dr. Kilgore attributed Copher's inability to work to his headaches, but the ALJ noted that all medical imaging of Copher's brain and his neurological examinations had been normal. Furthermore, although Dr. Kilgore's letter opined that the plaintiff was totally incapacitated for 8 to 10 days a month, several evaluations indicated that Copher was capable of work, or were at least ambiguous. For example, the ALJ noted that on one form evaluating Copher, Dr. Kilgore checked a box for "No Work," but wrote that Copher was capable of "light duty." On another, Dr. Kilgore marked the box for "No Work," but also checked "Part Time." In addition, the ALJ noted that Dr. Kilgore's records

4

indicated that Copher's headaches were responsive to treatment.[1] Thus, the ALJ found that the inconsistencies in Dr. Kilgore's own records and between his opinions and the rest of the record meant that Dr. Kilgore's opinion was not entitled to controlling weight.

Because the ALJ clearly articulated his reasons for discounting Dr. Kilgore's opinion, and that finding is supported by substantial evidence, we affirm.

**AFFIRMED.**

---

[1] At his hearing, Copher testified that he stopped taking his medication because he could not afford it. Although the ALJ addressed this issue in the administrative proceeding, Copher has not raised this argument on appeal. Therefore, it has been waived. *Cunningham v. Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1254 n.9 (11th Cir. 2010).